UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20656-SINGHAL/Sanchez

RAVIPAL LUTHRA,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**

Defendant, University of Miami ("University"), hereby replies in support of its Motion to Dismiss Amended Complaint with Prejudice ("Motion") (D.E. 17). The Response in Opposition ("Response") (D.E. 18) filed by Plaintiff, Ravipal Luthra, attempts to salvage his Amended Complaint (D.E. 14) but, respectfully, fails to do. Ostensibly conceding that point, the Response concludes with a procedurally and legally improper request for leave to amend. However, at this juncture, dismissal with prejudice is appropriate.

I.  THE AMENDED COMPLAINT IS STILL A SHOTGUN PLEADING.

In both its original Motion to Dismiss (D.E. 14 at 7-10) and the instant Motion (at 10-12), the University cited several cases from the Eleventh Circuit, which hold that complaints like Plaintiff's - - in which (1) dozens of factual allegations are incorporated into each count, even though unrelated to that count and/or (2) individual counts contain multiple/distinct claims - - properly should be dismissed as shotgun pleadings. In response to that authority, Plaintiff makes two main arguments.

First, Plaintiff argues that the University's "reasoning does not align with any of the four (4) types of shotgun pleadings identified by the Eleventh Circuit." (Resp. at 5.) That is untrue. Binding precedent from the Eleventh Circuit holds that complaints like the Amended Complaint are shotgun pleadings that should be dismissed:

> ***The amended complaint is an incomprehensible shotgun pleading. It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim***, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief. As such, the amended complaint patently violates Federal Rule of Civil Procedure 8, which requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). ***At twenty-eight pages long and having incorporated all 123 paragraphs of allegations into all sixteen counts, it is neither "short" nor "plain."***

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (emphasis added).

Other decision from the Eleventh Circuit and the Southern District are in accord. *See, e.g.*, *Ferrell v. Durbin*, 311 Fed. Appx. 253, 259 (11th Cir. 2009) ("In shotgun style pleading, the complaint incorporates all of the general factual allegations by reference into each subsequent claim for relief."); *Mason v. City of Miami Gardens, Fla.*, No. 14-23908-CV, 2015 WL 2152702, at *1 (S.D. Fla. May 6, 2015) ("Here, Plaintiff has incorporated into all of his counts a lengthy and detailed history of his employment with the City and of its alleged discrimination and retaliation. Not all of these allegations support each of his claims. Thus, this constitutes a shotgun pleading.") (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (a shotgun pleading is one in which "each count is replete with factual allegations that could not possibly be material to that specific count")); *Guillaume v. United States*, No. 23-CV-23287, 2024 WL 915267, at *3 (S.D. Fla. Mar. 4, 2024) ("By failing to incorporate only the specific factual allegations that support the cause of action asserted in each count, [Guillaume] has committed what the Eleventh Circuit has called the 'cardinal sin' of shotgun pleading.") (quoting *Brown v. Air Line Pilots Ass'n*, 2019 WL 13260855, at *3 (S.D. Fla. Sept. 24, 2019)).[1]

Further, Plaintiff fails to address the fact that several of his Counts (*i.e.*, Counts IV, IX and XII) each allege separate claims of discrimination within the same Count. As this Court has recognized, that, too, warrants dismissal. *RKR Motors, Inc. v. Perez*, No. 23-60819-CIV, 2024 WL 3360488, at *4 (S.D. Fla. June 18, 2024) (Singhal, J.) ("failing to separate causes of action into different counts qualifies as a type of shotgun pleading under Eleventh Circuit precedent, necessitating dismissal of the subject claims") (collecting cases). *See also Amaya v. Vilsack*, No.

---

[1] Although Plaintiff is correct that his Amended Complaint does not incorporate all prior <u>counts</u> into subsequent counts, the fact that all general <u>allegations</u> are incorporated into every count is sufficient to constitute a shotgun pleading.

23-CV-22838, 2024 WL 1285162, at *2 (S.D. Fla. Mar. 26, 2024) ("In the context of Title VII, each theory of liability on which the discrimination claim is based constitutes a separate cause of action—and therefore must be pled in a separate count.") (quotations and citations omitted).

Second, Plaintiff argues that the proper procedural mechanism to challenge a shotgun pleading is through a motion for more definite statement (rather than a motion to dismiss). (Resp. at 5.) However, as this Court has recognized (in a decision later affirmed by the Eleventh Circuit), a motion to dismiss is the proper mechanism where, as here, a plaintiff already has been advised of shotgun-pleading deficiencies but has failed to correct them. *See Burke v. Custom Marine Grp.*, No. 19-61733-CIV, 2020 WL 10184340, at *3 (S.D. Fla. May 29, 2020) (Singhal, J.), *aff'd*, 847 Fed. Appx. 578 (11th Cir. 2021). In *Burke*, this Court noted: "What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Id*. (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). In *Jackson*, the plaintiffs received "fair notice" of their shotgun-pleading defects from the defendants' motion. *Jackson*, 898 F. 3d at 1358 ("after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects"). Similarly, Plaintiff received "fair notice" from the University's original Motion to Dismiss.

In sum, at this juncture, dismissal with prejudice is the proper remedy for shotgun pleading.

## II.     THE AMENDED COMPLAINT STILL FAILS TO STATE A CLAIM.

In addition to the shotgun-pleading defects, the Amended Complaint also fails to state any plausible claim for relief. The Response does not dispute that many of Plaintiff's claims can be analyzed together. Each grouping of claims will be discussed in turn.

### A. Plaintiff's Discrimination Claims (Counts I, IV, IX and XII) Should Be Dismissed.

With respect to his discrimination claims, the Response asserts, in conclusory fashion, that Plaintiff has "satisfy[ied] the pleading requirements necessary to survive a motion to dismiss and include[d] sufficient facts." (Resp. at 6.) However, a review of the Amended Complaint and the Response (which, notably, does not cite a single allegation from the Amended Complaint) belies that characterization.

Plaintiff does not dispute that he is relying on a disparate treatment theory to sustain his discrimination claims. Yet, Plaintiff does not identity - - either in his Amended Complaint or in his Response - - how he was treated differently because of his race or national origin. Contrary to Plaintiff's arguments, that is not asking Plaintiff to satisfy the *McDonnell-Douglas* framework at the pleading stage. Instead, it is holding Plaintiff to his pleading burden. Without such allegations, Plaintiff has not stated a plausible claim. *See, e.g.*, *Achon v. Miami-Dade Cnty.*, No. 15-20711-CIV, 2015 WL 12564322, at *4 (S.D. Fla. June 10, 2015) ("The County argues the Complaint should be dismissed because Achon fails to allege sufficient facts to support his claim of purposeful discrimination on account of Achon's age, and instead, only supplies conclusory allegations of discrimination. . . . The Court agrees."); *Misquith v. Palm Beach Cnty. Health Care Dist.*, No. 20-CV-81123-AMC, 2021 WL 8055475, at *6 (S.D. Fla. Sept. 29, 2021) (dismissing discrimination claims because the allegations "do not raise a plausible claim that [identified comparators] were similarly situated in all material respects to [the plaintiff]. They are not adequate comparators for purposes of the McDonald Douglas analysis, nor do these allegations present a convincing mosaic of discriminatory intent"), *R&R adopted*, 2022 WL 782545 (S.D. Fla. Mar. 15, 2022), *aff'd*, 2023 WL 2156635 (11th Cir. Feb. 22, 2023).

5

### B.  Plaintiff's Hostile Work Environment Claims (Counts II, V, X and XIII) Should Be Dismissed.

Although the Parties do not dispute the requisite elements of a hostile work environment claim, the Parties disagree over whether the Amended Complaint plausibly alleges such a claim. The University's Motion cited several cases from the Eleventh Circuit, as well as a recent decision from Judge Moreno, to explain why Plaintiff's allegations (including *inter alia* his reliance on non-actionable "stray comments") fail to satisfy the high standard applicable to plead hostile work environment claims. Rather than respond to this authority or identify any contrary precedent, Plaintiff simply recites the allegations of his Amended Complaint. By failing to address these points, Plaintiff has conceded them. *See, e.g.*, *Worley v. Carnival Corp.*, No. 21-CIV-23501, 2023 WL 1840154, at *2 (S.D. Fla. Jan. 30, 2023) ("where plaintiff's opposition addresses only certain arguments, those arguments that are not addressed are deemed conceded"), *R&R adopted* 2023 WL 3028038 (S.D. Fla. Apr. 20, 2023); *Suarez v. Integon Nat'l Ins. Co.*, No. 19-22006-CIV, 2019 WL 8014371, at *1 (S.D. Fla. Oct. 15, 2019) ("Plaintiff does not respond to this argument in his opposition to the motion to dismiss. Accordingly, the Court grants the Defendant's motion.").

### C.  Plaintiff's Retaliation Claims (Counts III, VI, XI and XIV) Should Be Dismissed.

The Parties do not dispute the requisite elements of a retaliation claim. In its Motion, the University argued that the Amended Complaint failed to satisfy the first (protected activity) and third (causation) elements of the claim. (Mot. at 17-19.) In his Response, Plaintiff contends that the University "solely raises an issue with the first prong [protected activity]." (Resp. at 10.) However, that contention is false. The Motion specifically argues (with citations to several Eleventh Circuit cases) that the element of but-for causation has not been plausibly alleged because of the lack of temporal proximity between Plaintiff's alleged complaint and any adverse

employment action. (*See* Mot. at 19.) As noted above, Plaintiff's failure to address these arguments should be deemed a waiver.[2]

Not only is Plaintiff mistaken about the element of causation, he also is incorrect with respect to protected activity. The University's Motion cited numerous cases for the proposition that generic complaints about discrimination that are not tied to a specific characteristic (such as race) are not actionable. *See also Rhenals v. Fed. Express Corp.*, No. 1:24-CV-22556, 2024 WL 4665254, at *5 (S.D. Fla. Nov. 4, 2024) (collecting cases for the proposition that a "person is not engaged in a legally protected activity when their alleged complaint or grievance is unrelated to statutorily protected matters" or where the plaintiff "failed to connect her concerns specifically to being discriminated against because of her [race]"). The Response fails to address any of this authority, again simply referring to the insufficient allegations of the Amended Complaint. (Resp. at 10-11.)

Because Plaintiff has not alleged protected activity or causation, Plaintiff has not stated a plausible retaliation claim.

### D.  Plaintiff's FMLA Claims (Counts VII and VIII) Should Be Dismissed.

Plaintiff does not dispute that the FMLA creates two types of claims (interference and retaliation) or that his Amended Complaint attempts to state each claim. Plaintiff dedicates a significant portion of his Response to various aspects of the FMLA but fails to confront the aspects of his Amended Complaint that mandate dismissal of both claims. (*See* Resp. at 11-14.)

With respect to his interference claim, Plaintiff appears to argue that, although the University approved Plaintiff's request for FMLA leave, the University interfered with his FMLA

---

[2]  Tellingly, Plaintiff also fails to address the manufactured allegations that were not included in his lengthy/sworn EEOC Charge (or the resulting failure to administratively exhaust such claims) or in his original Complaint.

rights by terminating him before he used all of his approved FMLA leave. (Resp. at 12-13.) However, the Eleventh Circuit expressly has rejected this premise. *See, e.g.*, *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1275 (11th Cir. 2020) ("Ms. Munoz tries to save her claim by arguing she suffered damages because she 'was terminated rather than being granted the opportunity to continue to use . . . intermittent FMLA leave.' Appellant's Br. at 27. This argument fails."); *Norman v. H. Lee Moffitt Cancer Ctr. & Research Inst., Inc.*, No. 21-12095, 2023 WL 2146593, at *2 (11th Cir. Feb. 22, 2023) (citing *Munoz* for the proposition that, "where an employer did not deny leave time, the plaintiff cannot establish an FMLA interference claim, even when the employer terminated her and prevented her from the continued use of such leave").

With respect to his retaliation claim, Plaintiff simply argues that the "close temporal proximity" between his request for (and exercise of) FMLA leave and any adverse employment action is sufficient to state a claim. (Resp. at 13-14.) That argument, however, ignores the University's primary argument in its Motion: That, at the time Plaintiff requested and took FMLA leave, he was on "thin ice" vis-à-vis his probationary period and longstanding performance concerns. The Eleventh Circuit repeatedly has recognized that "anti-retaliation provisions do not allow employees who are already on thin ice to insulate themselves against termination or discipline by [engaging in protected activity]." *See, e.g.*, *Hawkins v. BBVA Compass Bancshares, Inc.*, 613 Fed. Appx. 831, 839 (11th Cir. 2015) (quoting *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1270 (11th Cir. 2010)). That also holds true in the FMLA context. *Fonte v. Lee Mem'l Health Sys.*, No. 20-13240, 2021 WL 5368096, at *6 (11th Cir. Nov. 18, 2021) (rejecting FMLA retaliation claim, even though employee "was fired the day after her FMLA leave ended," because employer had concerns about employee's performance and had contemplated terminating her prior to her leave request).

8

### III.     DISMISSAL SHOULD BE WITH PREJUDICE

Citing multiple cases from the Eleventh Circuit, the University's Motion argued that dismissal with prejudice is appropriate because Plaintiff already has had two chances to properly state his claims. (Mot. at 21.) The Response does not address this issue. Instead, the Response concludes with a request for leave to amend to "cure any deficiencies." (Resp. at 15.) However, as a matter of Eleventh Circuit law, this perfunctory statement is procedurally improper and insufficient to preserve the amendment issue. *See, e.g.*, *Chames v. Calhoun Cnty. Comm'n*, No. 21-11651, 2022 WL 1217652, at *3 (11th Cir. Apr. 26, 2022) ("Plaintiff's way of requesting leave to amend -- just an alternative request contained within Plaintiff's response brief to the County's motion to dismiss -- was not proper"); *Stein v. TitleMax of Ga., Inc.*, 819 Fed. Appx. 809, 814 (11th Cir. 2020) ("He did not file a motion seeking leave to amend, however, and instead embedded that request in his brief in opposition to the motion to dismiss. That is not sufficient to raise the issue under our precedent."); *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (a request for leave to file an amended complaint had "no legal effect" because it was "imbedded within an opposition memorandum" to a motion to dismiss and not made by separate motion). That is particularly true in cases, like this one, where Plaintiff is represented by counsel. *See Chames*, 2022 WL 1217652, at *3 (citing *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)).

In sum, for the reasons set forth above and in the Motion, the University respectfully requests that the Amended Complaint be dismissed with prejudice.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 17th day of July, 2025, upon the following:

Daniel J. Barroukh
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, Florida 33131
(305) 946-1884
danielb@dereksmithlaw.com

By: /s/ Christopher M. Yannuzzi
    Christopher M. Yannuzzi